### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STERLING LAMAR JACKSON, | ) |
| Plaintiff, | ) |
| v. | )    Case No. CIV-04-1360-W |
| | ) |
| KAREN CHENEY, | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has brought suit under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights in the course of state court proceedings in which his parental rights were terminated with respect to his minor child, LLH.

Defendant filed a Motion to Dismiss the Complaint [Doc. #22]. Plaintiff has filed a Response to Defendant's Motion to Dismiss [Doc. #26], and Defendant has filed a Reply [Doc. #29]. Therefore, the matter is at issue. For the reasons set forth below, it is recommended that Defendant's Motion to Dismiss be granted.

## I.    Procedural History

Plaintiff filed his Complaint on October 19, 2004. At that time, the allegations of the Complaint demonstrated that Plaintiff's state court proceedings were ongoing. For that reason, it was recommended that this Court abstain from exercising jurisdiction, and that Plaintiff's action be dismissed without prejudice to refiling. *See* Report and Recommendation [Doc. #7]. The Report and Recommendation was adopted in part. The

Court dismissed without prejudice Plaintiff's claims for injunctive relief.[1] As to Plaintiff's claim for monetary damages, the Court stayed the action until such time as the state court proceedings were concluded. *See* Order [Doc. #11]. Plaintiff was directed to notify the Court in writing when the state court proceedings were final and to provide proof of the same so that this action could continue. *Id.*

On August 25, 2005, Plaintiff submitted an Interim Report of State Court Proceedings [Doc. #14] advising the Court that the state court proceedings had been completed. Therefore, on August 29, 2005, the District Court entered an Order [Doc. #15] vacating the stay and re-referring the matter to the assigned Magistrate Judge for further proceedings.

## II.    Plaintiff's Claims

Defendant, Karen Cheney, is an employee of the Oklahoma Department of Human Services, assigned to Case No. JD-01-314, Juvenile Division, District Court of Oklahoma County, State of Oklahoma, a deprived child case concerning Plaintiff's minor child, LLH. Plaintiff contends Ms. Cheney purposefully withheld information to deprive him of notice of a hearing to terminate his parental rights in violation of the Due Process Clause of the United States Constitution. According to Plaintiff, Ms. Cheney had a duty to provide such notice under both Oklahoma and federal statutory law. Plaintiff further contends Ms. Cheney's actions have violated the Equal Protection Clause of the United States Constitution.

---

[1]Plaintiff had requested, as injunctive relief, that Defendant Cheney remove herself from all state court proceedings and from involvement in any issues concerning Plaintiff's parental rights as to his minor child, LLH.

III.   **Relevant Facts**

Plaintiff has been incarcerated in the custody of the Oklahoma Department of Corrections (ODOC) since October 6, 1999.   Plaintiff is the biological father of the minor child, LLH. In May 2002, Plaintiff filed for divorce from his wife, the biological mother of LLH, in Case No. FD-02-315, District Court of Comanche County, State of Oklahoma.  In December 2002, LLH, an alleged deprived child, was placed in the custody of the Oklahoma Department of Human Services.  According to Plaintiff, his wife "acted in a manner that warranted said child be placed in the custody of the defendant's employment, the OK-County Department of Human Services."  *See* Complaint at 2.

Plaintiff's parental rights were terminated on January 8, 2004.  *See* Complaint, Exhibit A, Journal Entry, Case No. JD-01-314-56, District Court of Oklahoma County, Juvenile Division, State of Oklahoma (reciting facts).  On May 4, 2004, Plaintiff filed a motion to vacate the order terminating his parental rights, asserting he had not received prior notice and an opportunity to be heard.  On June 24, 2004, the state court vacated the January 8, 2004 Order.  *See* Complaint, Exhibit A.  As set forth above, while the state court proceedings remained pending, on October 19, 2004, Plaintiff filed the instant action and a stay of this action issued pending the culmination of the state court proceedings.

According to the Interim Report of State Court Proceedings [Doc. #14] filed by Plaintiff, on June 20, 2005, Plaintiff consented to the adoption of his minor child, LLH, "which includes an automatic relinquishment of parental rights . . . ." *See* Interim Report at 1.  Thus, the state court proceedings have now concluded.

IV.    **Analysis**

**Standard on Motion to Dismiss**

In determining whether a complaint should be dismissed for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and views those facts in the light most favorable to the plaintiff as the nonmoving party. *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  Dismissal of a complaint pursuant to Rule 12(b)(6) is proper only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support h[is] claims." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiff is proceeding *pro se*, his pleadings are reviewed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("We hold [ pro se pleadings] to less stringent standards than formal pleadings drafted by lawyers.").

### A.    Due Process Claim

Plaintiff seeks compensatory and punitive damages against Defendant Cheney contending that she never sent him notice of the termination hearing that resulted in the entry of the January 8, 2004, order terminating his parental rights.  Plaintiff further contends Defendant Cheney testified falsely that she did not know his whereabouts.  According to Plaintiff, because he had provided information to her regarding his divorce proceedings, she clearly knew his whereabouts, *i.e.*, his incarceration in the custody of the ODOC, at the time of the termination hearing.

Although Plaintiff acknowledges that he successfully obtained a vacation of the state district court's termination order, and further acknowledges that he subsequently consented to the adoption of his minor child, he claims nonetheless he has been damaged.  According to Plaintiff, he consented to the adoption of his minor child solely because "his child had been in the custody of the foster parents for so long, he consequently felt it in the best interest of the child to remain with the family."  *See* Interim Report [Doc. #14] at 1.  Had he been given proper notice in the first instance, Plaintiff contends, his child would not have been in foster care for such an extended period.  According to Plaintiff, he would have had adequate time to have his child placed with Plaintiff's family upon the child's removal from the mother's home.[2]  Plaintiff contends the child suffered emotional and mental harm as a result of his lengthy placement in foster care.

---

[2]Plaintiff's allegations indicate that the child had been in foster care for at least one year prior to the entry of the initial order terminating his parental rights.

Defendant Cheney contends that under Oklahoma law, she is not statutorily charged with providing notice to Plaintiff but rather, this function must be performed by the district attorney's office.  Therefore, Defendant Cheney contends she owed no duty to Plaintiff that she failed to perform and has not violated his federal constitutional rights.

The termination hearing occurred in the context of a deprived child action.  *See generally* Okla. Stat. tit. 10, § 7001-1.1 *et seq*.  A fair construction of Oklahoma law is that the attorney who files the petition in either a deprived child action or an action to terminate parental rights is responsible for seeing that summons is issued and served with a copy of the petition.  *See* Okla. Stat. tit. 10, §§ 7003-3.1, 7003-3.4, 7003-4.7.  The applicable statutory provisions do not impose any duty upon the Department of Human Services to provide notice of the proceedings to the biological parents.[3]

Defendant has failed to address Plaintiff's contention that the Indian Child Welfare Act (ICWA), 28 U.S.C. § 1901 *et seq*. charged Defendant Cheney with the duty to provide

---

[3]Plaintiff contends that Okla. Stat. tit. 10, § 7002-1.2 governs his claim, makes the Department of Human Services a party to the termination proceedings and, therefore, creates a duty owed by Defendant Cheney to provide notice.  Section 7002-1.2 provides that where evidence in, *inter alia*, a divorce action indicates a child is subject to abuse, the court must notify the Department of Human Services which, in turn, must conduct an investigation and submit findings to the office of the district attorney and the court.  Section 7002-1.2 further provides, however, that the district attorney is charged with advising the court "whether a deprived petition will be filed by that office." Okla. Stat. tit. 10, § 7002-1.2(A)(4).  Nothing in section 7002-1.2 requires the Department of Human Services to provide notice of termination proceedings to the biological parents.

6

notice to Plaintiff.[4]  Plaintiff cites section 1912(a) of the ICWA as the basis for this duty.

Section 1912(a) provides:

> **a)  Notice;  time  for  commencement  of  proceedings; additional time for preparation**
>
> In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, *the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention.* If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary: Provided, That the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding.

25 U.S.C. § 1912(a) (emphasis added).   For purposes of Rule 12(b)(6) review of the Complaint, the Court assumes this notice provision applies even when, as here, it is the parental rights of the non-Indian parent subject to termination.  *See, e.g., K.N. v. State of Alaska*, 856 P.2d 468, 474 n.8 (Alaska 1993).

---

[4]The state court record substantiates Plaintiff's claim that the minor child is Indian and that the provisions of the ICWA apply.  *See* Complaint, Exhibit A, Journal Entry.  Plaintiff states that the mother of the minor child is Indian.  *See* Plaintiff's Response at 4.

As discussed above, in the deprived child action at issue, the district attorney was charged with filing the petition and, therefore, is the party seeking termination of parental rights.  Moreover, Oklahoma law provides that in Indian child custody proceedings, it is "the district attorney or other person initiating the proceeding" who is charged with "send[ing] notice to the parents or to the Indian custodians . . . ."  Okla. Stat. tit. 10, § 40.4.  Plaintiff, therefore, has failed to demonstrate that Defendant Cheney had a duty to notify him and consequently, has failed to demonstrate that Defendant Cheney violated his due process rights.

In sum, Plaintiff has failed to establish that Defendant Cheney was charged with providing notice to him.  For this reason, Plaintiff has failed to state a claim for relief against Defendant Cheney.  *See Martinez v. Mafchir*, 35 F.3d 1486, 1491 (10th Cir. 1994) (social workers did not violate mother's due process rights by failing to give notice to her of custody hearing because under governing state law and practice, social workers did not bear responsibility for providing such notice).

Plaintiff's contention that Defendant Cheney falsely told the district attorney's office that she did not know Plaintiff's whereabouts, when she clearly did, does not save his claim from dismissal.  While such conduct, assuming it occurred, is certainly not condoned, there is no indication that the district attorney's office was prevented from obtaining information about Plaintiff's whereabouts from other sources.  Defendant Cheney's failure to provide the information or her conduct in providing false or misleading information  does not give rise

to a violation of Plaintiff's federal due process rights.   As Defendant Cheney points out, she is entitled to absolute immunity for performing functions as a social worker that are "integral to the judicial process."  *See, e.g., Spielman v. Hildebrand*, 873 F.2d 1377, 1382-1383 (10th Cir. 1989).  Her testimonial conduct at issue here, which Plaintiff contends occurred in the course of testimony she provided in the deprived child action, qualifies as a function that is integral to the judicial process.

Significantly, Plaintiff acknowledges that any alleged violation of his due process rights was remedied in that the order terminating his parental rights was vacated and further proceedings were conducted with Plaintiff fully participating.  As the Tenth Circuit Court of Appeals has observed, "[a] failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause." *Spielman v. Hildebrand*, 873 F.2d  at 1385.  Because Plaintiff was able to participate in the state court proceedings following the vacation of the order terminating his parental rights, the standards of the due process clause were satisfied.  Plaintiff was given the opportunity to be heard in a meaningful manner prior to deprivation of any liberty interest.

In responding to Defendant Cheney's Motion to Dismiss, Plaintiff attempts to bring an additional claim based on alleged violations of his substantive due process right to familial relationships.[5]  This claim was not raised in the Complaint and Plaintiff has not sought leave

---

[5]In *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003), the United States Supreme Court recognized that "o*utside the prison context*, there is some discussion in our cases of a right to
(continued...)

of court to amend the Complaint to include such a claim.  Plaintiff should not be given the opportunity to do so.  He relies on the identical alleged conduct of Defendant Cheney that serves as the basis of his procedural due process claim to contend that the delay in the termination proceedings violated his substantive due process right to familial relationships.  As discussed above, Defendant Cheney did not have any duty to provide Plaintiff with notice of the state court proceedings.  Moreover, under the circumstances of this case, the alleged conduct of Defendant Cheney does not "shock the conscience." *See, e.g., Perez v. Unified Government of Wyandotte County/Kansas City, Kansas*, ___ F.3d ___, No. 04-3397, 2005 WL 3529298 at *3 (10th Cir. Dec. 27, 2005) ("Only government conduct that 'shocks the conscience' can give rise to a substantive due process claim.") (citation omitted).  Therefore, the facts at issue in this action fail to support any substantive due process claim.

### B.   Equal Protection Claim

Plaintiff also brings a claim alleging that Defendant Cheney's actions have violated his federal equal protection rights.  Plaintiff does not allege that Defendant Cheney discriminated against him on the basis of race, gender, religion or national origin.  Instead, Plaintiff alleges that Defendant Cheney discriminated against him on the basis of his status as an incarcerated prisoner.  *See, e.g.,* Response at 22 ("The only way the defendant can actually overcome the equal protection claim of the plaintiff is to openly assert that she has

---

[5](...continued)
maintain certain familial relationships, including association among members of an immediate family and association between grandchildren and grandparents." *Id*. (emphasis added).  The Court explicitly declined to decide whether any right to maintain familial relationships survives incarceration. *Id*.

intentionally violated the rights of parents not incarcerated also."). *See also* Response at 23 ("The defendant knowingly, willingly, and maliciously violated federal law, state law and the plaintiff's constitutional right to Equal Protection by applying differential treatment upon him than that applied to un-incarcerated parents."). As Defendant points out, prisoners are not a suspect class for the purposes of equal protection analysis. *See Curley v. Perry*, 246 F.3d 1278, 1285 n. 5 (10th Cir. 2001). However, Defendant is incorrect to assume that Plaintiff's failure to assert discriminatory intent based upon his membership in a suspect class renders his claim subject to dismissal.

As the Tenth Circuit held in *Bartell v. Aurora Public Schools*, 263 F.3d 1143 (10th Cir. 2001) "plaintiffs need not allege they were part of a suspect class or implicate a fundamental right to state a claim under the Equal Protection Clause." *Id*. at 1149 (*citing Village of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000) (per curiam)). *See also Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836 (10th Cir. 2005) (recognizing that plaintiffs do not have to allege that they are part of an identifiable group to state a valid equal protection claim because the Supreme Court has recognized such claims brought by a "class of one") (*citing Willowbrook*.).

Nonetheless, to succeed on his equal protection claim, Plaintiff must prove that he was "'singled out for persecution due to some animosity.'" *Mimics*, 394 F.3d at 849 *quoting Bartell*, 263 F.3d at 1149. In other words, he must demonstrate that the actions of Defendant Cheney constituted a "spiteful effort" to "get" Plaintiff "for reasons wholly unrelated to any

legitimate state activity." *Id*.  In addition, Plaintiff must prove that he was "treated differently than those similarly situated." *Id*.

Plaintiff has failed to allege any facts to demonstrate that Defendant Cheney treated him differently than others similarly situated.  He makes conclusory allegations that Defendant has treated him differently than those parents facing termination of parental rights who are not incarcerated.  However, Plaintiff offers no facts to support these conclusory allegations.  *Compare Bartell*, 263 F.3d at 1149 ("Bartell's equal protection claim fails, however, because it rests on nothing more than bare assertions of differential treatment that, even if true, are insufficient to show a spiteful effort to 'get him'").

Moreover, as discussed in relation to Plaintiff's due process claim,  Defendant Cheney was not responsible for providing notice to Plaintiff about the termination hearing. Therefore, Plaintiff has failed to establish that Plaintiff had a duty to act.  Accordingly, the acts about which Plaintiff complains – Defendant's failure to notify him of the termination hearing and/or failure to provide the district attorney with information about his whereabouts – cannot serve as the basis for an equal protection claim against Defendant.[6]

---

[6]Defendant alternatively seeks dismissal of Plaintiff's claims on grounds of qualified immunity.  "Once the qualified immunity defense is properly raised, a plaintiff must make a two-fold showing:  first, that a defendant's conduct violated federal law; and, second, that such law was clearly established when the violation occurred." *Spielman*, 873 F.2d at 1383.  As shown above, the allegations of the Complaint fail to establish the violation of a federally protected right upon which relief could be granted under 42 U.S.C. § 1983; therefore, the Court need not reach whether any rights implicated in Plaintiff's allegations were clearly established. *Id*.

**RECOMMENDATION**

It is recommended that Defendant's Motion to Dismiss [Doc. #22] be granted and the action dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by February 15th, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 26th day of January, 2006.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE