IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 2 7 2006

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

STERLING LAMAR JACKSON,           )
                                  )
          Plaintiff,              )
                                  )
vs.                               )     No. CIV-04-1360-W
                                  )
KAREN CHENEY,                     )
                                  )
          Defendant.              )

## ORDER

On January 26, 2006, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and recommended that the Court grant the Motion to Dismiss filed pursuant to Rule 12(b)(6), F.R.Civ.P., by defendant Karen Cheney. Plaintiff Sterling Lamar Jackson was advised of his right to object, and the matter now comes before the Court on Jackson's Objections to the Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Couch's suggested disposition of this matter. Jackson has been incarcerated since October 6, 1999. Jackson is the biological parent of LLH. In December 2002, LLH, then an alleged deprived child, was placed in the custody of the Oklahoma Department of Human Services ("DHS"). On January 8, 2004, the Honorable Charles Hill, Judge for the District Court of Oklahoma County, Oklahoma, Juvenile Division, terminated Jackson's parental rights to LLH.

In June 2004, at Jackson's request, Judge Hill vacated his Order and set the matter for hearing. In June 2005, Jackson consented to LLH's adoption by another and thereby relinquished his parental rights to LLH.

While the state court matter was pending, Jackson filed the instant action[1] against Cheney, the DHS employee assigned to the proceedings involving LLH. Jackson alleged in his complaint that Cheney had deprived him of certain rights guaranteed him by the United States Constitution in violation of title 42, section 1983 of the United States Code when she purposefully withheld information from him, failed to give him notice not only of "the original filing of [the] deprivation documents," but also of the hearing at which his parental rights were terminated and gave false testimony at that hearing by denying that she knew his whereabouts for notice purposes.

As Magistrate Judge Couch found, Jackson has failed to establish that the applicable statutory provisions impose a duty upon DHS and/or Cheney to provide notice to biological parents of proceedings initiated by a district attorney's office, whether such proceedings are commenced as a result of a petition in a deprived child proceeding or a petition for termination of the parent-child relationship and parental rights. Likewise, Jackson has failed to establish that the Indian Child Welfare Act, 28 U.S.C. § 1901 et seq., imposes such a duty upon DHS and/or Cheney.

To the extent Jackson has relied upon title 10, section 7002-1.2 of the Oklahoma Statutes, the Court finds such reliance is misplaced. That statute governs in those instances when evidence arises in a matrimonial or child custody action that a child is or may be deprived. The events giving rise to LLH's initial placement with DHS and those giving rise to the termination of Jackson's parental rights did not occur within the context

---

[1]On February 7, 2005, after finding that Jackson had not presented any extraordinary circumstances that warranted the exercise of this Court's jurisdiction, the Court abstained from exercising jurisdiction over Jackson's prayer for injunctive relief and dismissed Jackson's complaint to that extent. The Court then stayed the matter until such time as the state court proceedings had concluded. On August 29, 2005, the Court vacated the stay.

of a matrimonial or child custody action.

Jackson has likewise failed to show that Cheney is not entitled to immunity for her actions during those proceedings or that Cheney's actions violated his constitutional right to equal protection under the fourteenth amendment to the United States Constitution. The Court further finds that Jackson's claim that he has been deprived of substantive due process in violation of the fourteenth amendment is not actionable under the facts and circumstances of this case. Neither DHS nor Cheney was statutorily charged with notifying Jackson of either "the original filing of [the] deprivation documents" or the petition seeking termination of Jackson's parental rights.

In reviewing the allegations in the complaint under the standards that govern Rule 12(b)(6) and for the reasons stated by Magistrate Judge Couch, the Court finds that Jackson has failed to state any claim for which relief might be granted based upon an alleged deprivation of his constitutional rights and that Cheney is therefore entitled to dismissal of this matter as she has requested.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on January 26, 2006;

(2) GRANTS Cheney's Motion to Dismiss filed on October 5, 2005; and

(3) DISMISSES this matter.

ENTERED on _27th_ day of March, 2006.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

3